24SL-CC02428

Electronically Filed - ST LOUIS COUNTY - May 22, 2024 - 03:15 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| JOSEPH PULLIAM ) <br> on behalf of himself ) <br> and all others similarly situated, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> DOBBS TIRE & AUTO CENTERS, INC. ) <br> ) <br> Defendant. ) <br> ) <br> *Serve:* ) <br> **David Dobbs** ) <br> **1983 Brennan Plz.** ) <br> **High Ridge, MO 63049-1893** ) | Cause No. <br> Division No. |

## COLLECTIVE AND CLASS ACTION PETITION

Plaintiff Joseph Pulliam, individually and on behalf of all similarly situated, as collective action and class action representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## PRELIMINARY STATEMENT

1. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his similarly situated co-workers who work or worked for Defendant Dobbs Tire & Auto Centers, Inc. ("Defendant") as "retail sales managers" ("RSM's") or other sale associates and who Defendant has failed to, and upon information and belief fails to, pay the overtime rate of one and one-half times the regular rate of pay for hours worked over 40 in a workweek. Indeed, Defendant has a common policy and practice of (1) labeling Plaintiff and his similarly situated colleagues as "managers" despite their actual functions and responsibilities not meeting the

6622471

Electronically Filed - ST LOUIS COUNTY - May 22, 2024 - 03:15 PM

duties test for exemption under state and federal law and (2) refusing to pay Plaintiff and similarly situated RSM's the overtime rate for hours worked over 40 in a workweek.

2. Defendant internally recognized Plaintiff and similarly situated RSMs and sales associates as employees who were not in a "management position." Defendant further engaged, and upon information and belief engages, in a pay scheme whereby instead of the statutorily required overtime rate of one and one half the regular rate of pay for hours worked over 40 in a week, Defendant would pay Plaintiff and similarly situated RSMs a flex overtime amount for hours worked over 40 in a week that was far below the state and federal overtime requirement.

3. For example, from February 25, 2024, to March 9, 2024, Plaintiff, upon information and belief and reference to his pay stubs, worked nearly 20 overtime hours. Plaintiff's regular rate of pay was characterized on this pay stub as *at least* $19.375; indeed, Plaintiff's regular rate of pay is higher because this does not account for commissions or non-discretionary bonuses paid to Plaintiff during this period, which shall be included in the calculation of Plaintiff's regular rate of pay. Accordingly, his overtime rate should have been, *at a minimum*, $29.06. Thus, for the 20 hours of overtime Plaintiff should have been paid, *at least*, $581.20. Instead, however, Plaintiff paid Plaintiff $199.97 – or $10 per hour for every hour worked over 40 in a workweek.

4. As another example, from March 24, 2024, through April 6, 2024, Plaintiff, upon information and belief and reference to his pay stubs, worked close to 14 hours of overtime. On this pay stub, Plaintiff's regular rate of pay was *at least* $20.31; indeed, Plaintiff's regular rate of pay is higher because this does not account for commissions or non-discretionary bonuses paid to Plaintiff during this period, which shall be included in the calculation of Plaintiff's regular rate of

pay. Accordingly, his overtime rate should have been, *at a minimum*, $30.47. Thus, for the 13.8 hours of overtime, Plaintiff should have been paid, *at least*, $420.47 but was only paid $138.06.

5. Plaintiff specifically reported this unlawful pay practice of refusing to pay the proper overtime rate. In response, Defendant, while acknowledging it did not pay the statutorily required overtime rate, attempted to persuade Plaintiff that he was still sufficiently paid because of various discretionary bonuses and commissions.

6. Discretionary bonuses and commissions, however, do not permit Defendant to refuse to pay proper overtime amounts.

7. Further, Plaintiff's, and upon information and belief, similarly situated RSMs' and sales associates', commissions were a small portion of total wages; commissions did not account for half or more of compensation.

8. Plaintiff therefore brings this action under the FLSA 29 U.S.C. § 201 *et seq*., Missouri wage and hour law, and Missouri common law for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonably attorneys' fees, as a result of Defendant's failure to pay Plaintiff and similarly situated RSMs and sales associates lawful overtime compensation and wages dues and owed.

**JURISDICTION AND VENUE**

9. Plaintiff was at all times mentioned herein a citizen of the State of Missouri, working for Defendant in St. Louis County, Missouri.

10. At the time of the conduct complained of herein and at all times mentioned, Defendant was and is a Missouri corporation with its principal place of business in Jefferson County, Missouri and did conduct substantial business in St. Louis County, Missouri.

11. As Defendant transacts business in, and conduct described herein – specifically the payment of wages, and failure to pay overtime time to Plaintiff – occurred in St. Louis County, Missouri, pursuant to Mo. Rev. Stat. 508.010, venue and jurisdiction are proper in this Court of general jurisdiction.

## THE PARTIES AND CLAIMS

12. At all relevant times, Plaintiff worked as an RSM for Defendant and was paid hourly.

13. Plaintiff began his employment with Defendant in July 2020; his employment ended April 9, 2024.

14. Plaintiff was most recently employed as an RSM at Defendant's store located at 6 South County Center Way, St. Louis, MO 63129.

15. Despite being labeled a "manager," Plaintiff, and similarly situated RSM's, were simply cashiers and sales attendants and a retail automotive shop.

16. Plaintiff and similarly situated RSMs did not hire or fire; they did not schedule; they do not meet any duties test under the FLSA or Missouri law.

17. Defendant provides, *inter alia*, tire and automotive services and products.

18. Plaintiff and similarly situated RSMs and sales associates were/are not paid the overtime rate for hours worked over 40 in a workweek.

19. At all times herein, Plaintiff and those similarly situated RSMs and sales associates have been entitled to the rights, protections, and benefits provided under the FLSA and Missouri wage and hour law.

20. Plaintiff brings Count I of this action as a collective action under the FLSA on behalf of himself and all other similarly situated RSMs and sales associates employed by Defendant nationwide within the last three years.

21. Plaintiff brings Count II of this lawsuit as a Class Action under the Missouri Minimum Wage Laws, Mo. Rev. Stat. § 290.500 *et seq*. and Missouri Rule of Civil Procedure 52.08 on behalf of himself and all other similarly situated RSMs and sales associates employed by Defendant in Missouri within the last three years.

22. Plaintiff brings Counts III and IV of this lawsuit as a class action under Missouri common law and Missouri Rule of Civil Procedure 52.08 on behalf of himself and all other similarly situated RSMs and sales associates employed by Defendant in Missouri within the last five years.

23. Defendant is Missouri corporation with its headquarters located within Jefferson County, Missouri and is an "employer" within the meaning set forth in the FLSA and was at all times relevant to the allegations herein Plaintiff's and similarly situated RSMs', employer.

24. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

25. Defendant had gross annual revenues exceeding $500,000 for all relevant periods.

## GENERAL ALLEGATIONS

26. Plaintiff and similarly situated RSMs and sales associates routinely worked, and work, over 40 hours per work week.

27. Defendant has actual knowledge that Plaintiff and those similarly situated RSMs and sales associates worked and work over 40 hours per work week. Indeed, Plaintiff clocked in and out of work each day.

28. Notwithstanding that it was known by Defendant that these RSMs and sales associates worked over 40 hours in a work week, Defendant does not pay the statutory overtime rate to such RSMs.

29. Consequently, Plaintiff and those similarly situated RSMs and sales associates consistently worked, and work, without proper compensation and overtime.

30. Plaintiff and all similarly situated RSMs and sales associates are owed overtime for every hour worked over 40 in a work week.

31. Defendant's deliberate, willful failure to pay Plaintiff and those similarly situated RSMs and sales associates their earned overtime for hours in excess of 40 in a workweek violates the FLSA and Missouri law.

32. The policies and practices maintained and administered by Defendant, instituted and approved by Defendant's owner and managers, resulted, and result, in Defendant willfully failing to pay overtime compensation.

33. Defendant thus enjoyed, and continues to enjoy, ill gained profits at the expense of Plaintiff and similarly situated RSMs and sales associates.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

34. Plaintiff reasserts and realleges all allegations set forth above.

35. Plaintiff brings Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of himself and all those similarly situated RSMs and sales associates who file a consent to join form with the Court.

Electronically Filed - ST LOUIS COUNTY - May 22, 2024 - 03:15 PM

36. Plaintiff brings Counts II, III, and IV of this lawsuit as an "opt-out" class action under Missouri wage and hour law and common law and Missouri Rule of Civil Procedure 52.08 on behalf of himself and all other similarly situated RSMs and sales associates.

37. Plaintiff individually and on behalf of similarly situated RSMs and sales associates seeks relief on a collective basis challenging Defendant's failure to pay required overtime for hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be a party plaintiff to this lawsuit may be determined from Defendant's records.

38. Notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

39. The email address of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

40. The cellular telephone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via text message as soon as possible.

41. Plaintiff brings Count I of this Petition as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of himself and as the representative of the following:

   a. All current and former RSMs or retail sales associates not paid the overtime rate for hours worked over 40 in a workweek, employed by Defendant within three years preceding the date of filing this action.

42. Plaintiff brings Count II of this Petition as a class action pursuant to Missouri Rule of Civil Procedure 52.08, on behalf of himself and as the class representative of the following persons:

    a. All current and former RSMs and retail sales associates not paid the overtime rate for hours worked over 40 in a workweek, employed by Defendant within three years preceding the date of filing this action.

43. Plaintiff brings Counts III and IV of this Petition as a class action pursuant to Missouri Rule of Civil Procedure 52.08, on behalf of himself and as the class representative of the following persons:

    a. All current and former RSMs and retail sales associates not paid the overtime rate for hours worked over 40 in a workweek, employed by Defendant within five years preceding the date of filing this action.

44. The state law claims, if certified for class wide treatment, are brought on behalf of all similarly situated RSMs and sales associates who do not opt out of the class action ("the Class").

45. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Missouri Rule of Civil Procedure 52.08.

46. The Class satisfies the numerosity standard; it consists of multiple persons who may be geographically disbursed.  As a result, joinder of all Class members in a single action is impractical.  Class members may be informed of the pendency of this class action through direct mail, electronic mail, and telephone.

47. Questions of fact and law common to the Class predominate over any questions affecting only individual members.  Questions of law and fact arising from Defendant's actions including, without limitation, the following:

    a. Whether Defendant failed to pay Class members wages and overtime required under Mo. Rev. Stat. § 290.500 *et seq.*;

    b. Whether Defendant is liable to class members pursuant to Quantum Meruit; and

    c. Whether Defendant has been unjustly enriched by its failure to pay Class members for time worked.

48. The questions set forth above predominate any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

49. Plaintiff's claims are typical of those of the Class in that the Class Members have been, or are, employed in the same or sufficiently similar positions as Plaintiff and were subject to the same unlawful practices.

50. A class action is the appropriate method for the fair and efficient adjudication of the controversy. Defendant has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendant, and/or substantially impairing or impeding the ability of the Class members to protect their interest.

51. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of other members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and his undersigned counsel, who is experienced in wage and hour, employment, and class/collective action litigation.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

52. Plaintiff reasserts and realleges the allegations set forth above.

53. At all times material herein, Plaintiff and other similarly situated RSMs and sales associates have been entitled to the rights, protections, and benefits provided under the FLSA. Plaintiff and those similarly situated are and were at all relevant times "employees" within the meaning of the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

54. The FLSA regulates, among other things, the payment of overtime to Plaintiff and similarly situated RSMs and sales associates who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

55. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its RSMs and sales associates not paid the overtime rate for hours worked over 40 in a workweek, were/are engaged in commerce. 29 U.S.C. §§ 206(a) and 207(a).

56. During all times relevant to this action, Defendant was the "employer" of Plaintiff and those similarly situated RSMs and sales associates within the meaning of the FLSA. 29 U.S.C. §§ 206(a) and 207(a).

57. Defendant failed to pay Plaintiff and other similarly situated RSMs and sales associates the overtime wages to which they were, and are, entitled under the FLSA.

58. Defendant's violations of the FLSA, as described herein, have been willful and intentional.

59. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and those similarly situated RSMs and sales associates.

60. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

61. As a result of Defendant's willful violations of the FLSA, Plaintiff and other similarly situated RSMs and sales associates have suffered damages by being denied overtime wages in amounts to be determined at trial or through undisputed record evidence, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated RSMs and sales associates, prays for the following relief:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all current and former RSMs and sales associates employed by Defendant within three years preceding the date of filing this action. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

b. The payment at one and one-half times their regular rates of pay for all hours worked over 40 in any workweek by Plaintiff and similarly situated RSMs and sales associates, for which they have not been properly compensated;

c. Liquidated damages pursuant to 29 U.S.C. § 216(b);

d. Reasonable attorneys' fees and costs;

e. A reasonable service award to the Plaintiff to compensate him for the time he spent attempting to recover wages for FLSA collective members and for the risks he took in doing so;

    f.    Prejudgment interest;

    g.    That the applicable statute of limitations for Plaintiff's FLSA cause of action be tolled because strict application of the same would be inequitable;

    h.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA and relating regulations; and

    i.    Such other and further relief as this Court deems fair and equitable.

### COUNT II: VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS

62.    Plaintiff reasserts and realleges the allegations set forth above.

63.    At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws – Mo. Rev. Stat. § 290.500 et seq.

64.    Missouri's wage and hour laws regulate, among other things, the payment of overtime wages by employers, subject to limited exceptions not applicable here.

65.    At all relevant times herein, Defendant was Plaintiff's and similarly situated RSMs' and sales associates', employer, and Plaintiff and those similarly situated were Defendant's employees, within the meaning of Missouri's wage and hour laws – Mo. Rev. Stat. §§ 290.500(3) & (4).

66.    Pursuant to Missouri's wage and hour laws (Mo. Rev. Stat. § 290.505.1), employees like Plaintiff and those similarly situated RSMs and sales associates shall be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a work week.

67. Defendant violated Missouri's wage and hour laws by willfully and intentionally refusing and failing to pay Plaintiff and those similarly situated RSMs and sales associates overtime wages required under Missouri law.

68. Pursuant to Mo. Rev. Stat. § 290.527, Plaintiff and those similarly situated RSMs and sales associates are therefore entitled to damages equal to the full amount of their wage rate and an additional equal amount as liquidated damages, less any amount actually paid to Plaintiff and similarly situated RSMs and sales associates by Defendant.

69. Plaintiff and similarly situated RSMs and sales associates are also entitled to an award of prejudgment and post judgment interests at the applicable legal rate.

70. Plaintiff and similarly situated RSMs and sales associates are also entitled to their costs and reasonable attorney's fees incurred in this action.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated RSMs and sales associates, prays for the following relief:

    a. Compensatory damages equal to the full amount of Plaintiff's and those similarly RSMs and sales associates situated wage rate (that is, one and one half times their regular rate of pay for all hours worked over 40 in a work week) and an additional equal amount as liquidated damages, less any amount actually paid to Plaintiff and those similarly situated by Defendant;

    b. Attorneys' fees and costs as allowed by Mo. Rev. Stat. § 290.527;

    c. Prejudgment and post judgment interest; and

    d. All other relief this Court deems fair and equitable.

## COUNT III: QUANTUM MERUIT

71. Plaintiff reasserts and realleges the allegations set forth above.

72. Defendant recognized the benefits conferred upon it by Plaintiff and other similarly situated RSMs and sales associates.

73. Defendant accepted and retained the benefits under circumstances that would render such retention inequitable.

74. Defendant has therefore been unjustly enriched, and Plaintiff and other similarly situated RSMs and sales associates have been damaged.

75. The payment requested by Plaintiff and other RSMs and sales associates for the benefits produced by them to Defendant is based on customary and reasonable rates for such services, or like services, at the time and in the locality where the services were rendered.

76. Plaintiff and those similarly situated RSMs and sales associates are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Petition plus periods of equitable tolling.

77. Plaintiff and those similarly situated RSMs and sales associates are also entitled to an award of prejudgment and post judgment interest at the applicable legal rate.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated RSMs and sales associates, prays for the following relief:

    a. Compensatory damages;

    b. Prejudgment and post judgment interest; and

    c. All other relief this Court deem fair and equitable.

## COUNT IV: UNJUST ENRICHMENT

78. Plaintiff reasserts and realleges the allegations set forth above.

79. Plaintiff and similarly RSMs and sales associates conferred benefits on Defendant in the form of unpaid labor, and Defendant received such benefits conferred upon it by Plaintiff and those similarly situated.

80. Defendant appreciated the fact of the benefits.

81. Defendant accepted and retained the benefits in circumstances that render such retention inequitable.

82. Defendant has therefore been unjustly enriched, and Plaintiff and those similarly situated RSMs and sales associates have been damaged.

83. Plaintiff and similarly situated RSMs and sales associates are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Petition plus periods of equitable tolling.

84. Plaintiff and similarly RSMs and sales associates are also entitled to an award of prejudgment and post judgment interest.

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated RSMs and sales associates, prays for the following relief:

    a. Compensatory damages;

    b. Prejudgment and post judgment interest;

    c. All other relief this Court deems fair and equitable.

.

Respectfully submitted,

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ S. Cody Reinberg*
S. Cody Reinberg, Mo. Bar #66174
7382 Pershing Ave., 1W
St. Louis, MO  63130
314-391-9557 p/f
creinberg@hkm.com

Attorneys for Plaintiff Joseph Pulliam

- 16 -